## THE CITY OF KANSAS CITY v. J. J. SMITH.

### No. 376.*

1. PLEADING AND PRACTICE— *Sufficiency of Petition and Opening Statement.* A petition and opening statement state facts sufficient to warrant a recovery, where it appears that there was constructed by the city a dangerous place in the street in which the plaintiff was injured while attempting to leave the sidewalk and street. Contributory negligence is a matter of defense.

2. ———— *Inapplicable Instructions—Refusal to Give.* The court may properly refuse to give instructions which embody correct principles of law, when such instructions are not applicable to the evidence in the case.

3. ———— *Misleading Instruction—Apparent Effect on Jury.* An instruction which might be misleading if it stood alone will not necessitate a reversal of a judgment if from all of the instructions given it is apparent that the jury could not have been misled as to the law of the case.

4. PRACTICE, COURTS OF APPEALS— *Inconsistency—Findings.* This court will not examine into the merits of a motion for judgment on the special findings of fact where the plaintiff in error fails to point out any findings which are inconsistent with the general verdict.

Error from Wyandotte court of common pleas; T. P. ANDERSON, judge. Opinion filed September 17, 1898. Affirmed.

*T. A. Pollock*, and *G. B. Watson*, for plaintiff in error.

*H. J. Latshaw, jr.*, and *True & True*, for defendant in error.

The opinion of the court was delivered by

McELROY, J. : This action was brought by J. J. Smith against the city of Kansas City for personal injuries alleged to have been sustained by the plaintiff through the negligence of the defendant city. The

---

*Petition for order to certify denied by supreme court November 10, 1898.—REP.

Kansas City v. Smith.

defendant's answer was a general denial.   A trial was
had, which resulted in a verdict and judgment for the
plaintiff in the sum of $1200.   The defendant filed mo-
tions for judgment on the pleadings and opening state-
ment, on the special findings of fact, and for a new
trial, all of which motions were overruled, and it now
presents the case to this court for review.   We will
take up and consider the assignments of error in the
order in which they are presented.   Did the court err
in overruling the city's motion for judgment on the
pleadings and statement of the case?   The plaintiff
below, defendant in error, in his amended petition
and in his opening statement, in substance, said :

That at the time hereinafter mentioned the defend-
ant was, and now is, a municipal corporation, a city
of the first class, duly organized under the laws of the
laws of the state of Kansas ; that it was, and is, the
duty of the defendant at all times to keep and main-
tain its public streets and sidewalks in a reasonably
safe condition for the use of persons lawfully traveling
or being thereon ; that Ewing street is one of the pub-
lic streets in said city, which the defendant should
have kept in repair, and in safe condition for the
traveling public ; that on said street, between Bunker
avenue and Central avenue, there was a deep and
dangerous opening in the board sidewalk in front of
building No. 60, on the west side of and within said
public street, made by the sidewalk being elevated
about two feet from the ground, constructed so that
there was a space of about two feet between the west
line of the sidewalk and the west line of the street ;
that there was a platform in front of said building No.
60, constructed at the same elevation as the sidewalk,
extending from the building, which was on private
property, towards the sidewalk, about one foot into
the street, leaving an opening about twelve inches
wide, about twenty feet long, and two feet deep ; that
there was no guard or rail on the sidewalk to prevent
persons from falling into the opening or hole ; that

said sidewalk and hole in said condition were unsafe and dangerous, particularly in the night-time, as there was no light or danger-signal at said point, or in that vicinity; that when the injuries hereinafter set forth were incurred the defendant had wrongfully and negligently permitted said dangerous opening in said public street, and said unguarded sidewalk, for a long time, to wit, for six months or more, knowing the dangerous condition thereof; that on the 9th day of August, 1892, in the night-time, the plaintiff was lawfully passing over and across said street and sidewalk at said point, and in attempting to cross said street and sidewalk to the private property contiguous thereto at No. 60 Ewing street, without fault on his part, fell into said hole, and bruised, cut, wounded, crippled, contused and fractured his right leg, and other injuries received, including a severe shock to his nervous system; which injuries caused him to have a long and dangerous period of suffering and sickness, and gave him great bodily pain and mental anguish, wholly disabling and incapacitating him for attending to business for a great length of time, to wit, about one year; and his right leg, by reason thereof, became and is partially paralyzed and deformed, rendering him lame and helpless; and that his disability in that respect, and his nervous disability so incurred, are permanent and incurable.

And in his opening statement he said:

"The plaintiff in this case is a practicing physician, and had a patient at a house, No. 60 Ewing street. He was going in the night-time to see that patient. The sidewalk which caused the fall and injury was built by the city and ran along the west side of Ewing street. The condition of it was substantially as if this table were the house he was going to, and this drawer was the platform in front of the house, and the sidewalk ran along the street, away from the platform about one foot. He came along this sidewalk in the night-time, undertook to go into this house on professional business, and fell through the hole between the sidewalk and the platform, ran his limb

through that hole and broke his leg.   It was about two feet deep; maybe a little less than that.   In running his limb down in there the limb twisted and he broke his leg.   Who constructed that platform we do not know.   The platform extended into the street about one foot; it was a dangerous obstacle in the way of public travel, and, after it was placed there, protruded about one foot clear over the line of the private property and into the street, and has been standing there for a considerable time, perhaps for a year.   It was there before the sidewalk was built.   The city came along and built its sidewalk in front of the platform, not up to the line of its street, but to within about a foot of the platform, thus forming on the outside of the sidewalk about a foot of nothing to step upon, only an open crack to fall into, or deadfall; and then about a foot of somebody's private nuisance extending into the street, which has been standing there for months and perhaps years, so long that the city either knew it, or in law is charged with knowing it, and is bound to know it.   By that method of construction, the sidewalk having been placed there afterward and the opening left between them, there was, within the limits of the street, and in close proximity to the edge of the sidewalk, a dangerous drop hole like I have described.   There were no lights in the street; it was dark, in the night, and I think raining; I do not say certainly about that.   The doctor, hastening along on his professional visit, undertook to go from the sidewalk into that house and fell into that trap between the sidewalk and the property, and within the street, mind you, and broke his leg.   The gravamen of the action is the carelessness of the city in permitting within its street a dangerous place like that for so long a time that, as a matter of law, it became charged with liability for any injury which may result to any party who suffers any injury in the exercise of care on his part.''

The plaintiff charged in his petition and in his opening statement to the jury that the city unlaw-

fully maintained a dangerous nuisance in one of its public streets, a dangerous hole or crack about twenty inches deep, eleven inches wide, and about twenty feet in length, at the edge of the sidewalk and wholly within the street, in which the plaintiff fell by reason of the absence of a danger-signal or light, and by reason of the hole being unguarded. The plaintiff was injured in the street while endeavoring to leave the sidewalk and street to go upon private property. The petition and opening statement state facts sufficient to warrant a recovery. It is true that the plaintiff was attempting to leave the sidewalk but he had to cross this pit before he could leave the street. From the petition and statement it is apparent that there was constructed and maintained a dangerous place in the street. The plaintiff unknowingly walked into it in the dark while attempting to leave the street. This was not such negligence on the part of the plaintiff as to bar a recovery. There was no plea of contributory negligence, the answer being a general denial. Contributory negligence is a matter of defense which must be pleaded. The court properly overruled the motion of the defendant for judgment on the pleadings and statement of the case.

Did the court err in refusing to give instructions 1, 2, 3, and 22, as requested by plaintiff in error, and in giving instruction 11? The first three are as follows :

"1. While, generally speaking, it is the duty of a city to keep its streets in a reasonably safe condition for travel, it is not thereby implied that every street, and the whole width of every street, must be placed and kept in good condition. The city may, without incurring liability, leave certain streets entirely unopened, and in the others put only a portion of the width in condition for use.

"2. It is not the duty of a city to provide access

from private property to the streets, nor is it liable for a failure to guard its streets from approach at points where such approach is dangerous.

"3. It is not the duty of a city to provide safe means of access to private property, and if the city has built a safe and suitable sidewalk to accommodate the public travel along the sidewalk in the ordinary modes, it is not liable to one who knowingly and voluntarily leaves the sidewalk built by the city."

The twenty-second instruction is a restatement of the first, second, and third. These instructions no doubt are correct statements of law, but are not applicable to the facts as plead, and the evidence offered in this case. In the case before the court, there was no question as to the duty of the city in the first place to put its walks or streets in condition for public use. The city had improved the street at the place of the accident in such manner as to create the condition complained of. The accident did not occur on private property, while the party was approaching the street, but did occur while he was approaching and before he got upon private property. The question was not on the duty of the city to provide safe means of access to private property. The obstruction was in the street — the pit was in the street. This sidewalk was built by the city for public use. It was so constructed as to leave an opening sixteen inches deep, eleven inches in width and sixteen feet in length against the side of the walk and between the walk and the platform projecting from private property twenty-seven inches into the street. The hole, or crack, was uncovered, and created by the city in the construction of the sidewalk. The projection of the stoop or porch extended into the street toward the sidewalk twenty-seven inches and the construction of the sidewalk left eleven inches of space between the sidewalk and the

porch or stoop. The first, second and third instructions were not applicable to the facts in this case and were properly refused. The twenty-second instruction was properly refused, for the reason that it is simply a reiteration of the law as set out in the instructions heretofore noticed.

The eleventh instruction, as given to the jury, reads:

"The city is liable, not only for the injuries occasioned by negligently constructing defective sidewalks on its streets, or by causing such defects in them after they are constructed, but also for negligently permitting them to remain in a dangerous or unsafe condition, no matter how such condition was caused. Any person traveling upon a street has a right to use any portion of the street or sidewalk for that purpose, not already otherwise in use, and a person traveling upon a street or sidewalk of a city has the right to assume that such street or sidewalk is in a safe condition, and to act upon that assumption, relying upon the belief that the city has performed its duty and placed and maintained such street or sidewalk in a safe condition."

This instruction was not complete within itself. The court should have instructed the jury that the city was liable only to persons who receive injuries through its negligence without fault on their part. This instruction, however, when considered in connection with instructions 9 and 18, as given, is not misleading. The instructions as given to the jury are, as a whole, free from objection. The jury were told in other instructions that the plaintiff could not recover unless he was without fault, and the city guilty of negligence which caused the injury. While this particular instruction complained of, if it were alone, might be misleading, the instructions as a whole present the law applicable to the case under

consideration.   We find no error either in the refusal
or giving of instructions which demands a reversal of
the case.

Did the court err in overruling plaintiff in error's
motion for judgment on the special findings of fact?
The findings of fact appear to be in harmony with
the verdict.   We are unable to discern any conflict
between the findings and the verdict, and counsel
have not pointed out any finding of fact which is in
conflict with the general verdict.   This assignment of
error demands no special comment.

There was no substantial error committed during
the trial of the case, and for that reason the motion
for a new trial was properly overruled.

The judgment is affirmed.